# In the United States Court of Federal Claims

|  |  |
|---|---|
| AETC II PRIVATIZED HOUSING, LLC, *et al.*, | Nos. 22-345C; 22-346C; 22-348C; 22-349C; 22-350C; 22-351C; 22-352C; 22-353C; 22-354C; 22-355C; 22-356C; 22-357C; 22- 358C; 22-359C; 22-360C; 22-361C; 22-362C; 22-363C |
| Plaintiffs, | |
| v. | |
| THE UNITED STATES, | (Filed:  May 15, 2025) |
| Defendant. | |

David R. Johnson, Vinson & Elkins, LLP, Washington, D.C., for Plaintiffs.  With him on the briefs were Tyler E. Robinson, Michael McCambridge, and Leslie Edelstein, Vinson & Elkins, LLP.

Amanda L. Tantum, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.  With her on the briefs were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, and Elizabeth M. Hosford, Assistant Director.

## <u>OPINION AND ORDER</u>

Meriweather, Judge.

This dispute arises from contracts between the United States Navy and Plaintiffs—specifically Ohana Military Communities, LLC, and Hawaii Military Communities, LLC—to provide housing for Navy servicemembers and their dependents in Hawaii.  Specially, Plaintiffs in this consolidated case allege that the United States breached certain contractual agreements by reducing the servicemembers' monthly housing stipend, which in turn reduced the rent that Plaintiffs could charge.

Before the Court is Plaintiffs' Motion to Compel Responses to Requests for Admission ("Motion"), filed in *Ohana Military Communities, LLC et al.*, No. 22-cv-359 ("Ohana"), one of 18 consolidated cases under the lead case *AETC II Privatized Housing, LLC et al.*, No. 22-cv-345 ("AETC II").  *See* Pls.' Mot. to Compel Resps. to Reqs. for Admis. ("Mot."), *AETC II* ECF No. 82; *Ohana*, ECF No. 30.  The parties in *Ohana* are conducting discovery in anticipation of summary judgment briefing that will proceed separately from the remaining 17 consolidated cases.  *See* Order, *AETC II* ECF No. 61; *Ohana* ECF No. 25.  Plaintiffs argue that the United States' objections to 16 of their requests for admission ("RFA") are inconsistent with this Court's rules and request that the Court compel a response.  *See* Mot. at 1–2.  The United States contends that certain RFAs inappropriately seek admissions or denials to legal conclusions, interpretations of statutes, or ultimate issues in dispute.  *See* Def.'s Resp. to Mot. to Compel ("Resp."), *AETC II*,

ECF No. 83; *Ohana* ECF No. 31.  Having reviewed the parties' briefs[1] and the relevant law, and for the reasons explained below, the Court **GRANTS** Plaintiffs' Motion to Compel Responses to Requests for Admission.

## BACKGROUND

The Military Housing Privatization Initiative ("MHPI"), established in 1996, is a Department of Defense ("DoD") program with the mission to improve military housing around the country.  *See* Compl. ¶¶ 24–25.  Under the MHPI, the United States and Plaintiffs entered a series of contracts (collectively "the contracts")—including a Ground Lease and LLC Operating Agreement—to manage, rebuild, and maintain Navy servicemembers' housing in Hawaii (the "Project").  *See id.* ¶¶ 4, 41.  The contracts require Plaintiffs to set rent rates in accordance with those servicemembers' Basic Allowance for Housing ("BAH"), their monthly housing stipend. *See id.* ¶¶ 3, 32, 53.  The solicitation for the Project indicated that rent collected "shall equal the BAH for the pay grade designated to certain units."  Compl., Ex. 1 at *65, ECF No. 1-1.  Under the National Defense Authorization Act ("NDAA") of 2015, Congress granted the Secretary of Defense discretion to implement annual, percentage-based reductions in the BAH.  *See* Compl. ¶ 69; Pub. L. No. 113-291, tit. VI, § 604(a), 128 Stat. 3292, 3398–99 (2014) (codified at 37 U.S.C. § 403) [hereinafter BAH statute].  Generally, the Secretary has used this discretion to annually reduce servicemembers' BAH.  *See* Compl. ¶ 70.

On March 30, 2022, Plaintiffs filed their Complaints in 18 related MHPI cases.  On April 15, 2022, the Court consolidated the MHPI cases under lead case *AETC II*.  *See* Order, *AETC II* ECF No. 11; *Ohana* ECF No. 11.  On July 13, 2022, the United States filed an omnibus Motion to Dismiss pursuant to Rule 12(b)(6), arguing that Plaintiffs cannot establish that the contracts entitled them to an increase in tenant rent.  *See* Mot. to Dismiss, *AETC II* ECF No. 22 (sealed). On June 7, 2024, the Court denied the United States' Motion to Dismiss the consolidated cases. *See* Order, *AETC II* ECF No. 46; *Ohana* ECF No. 18.  The Court directed the parties to submit a case inventory listing relevant legal and factual issues, documentation presently found on the record, and whether discovery is necessary in each case.  *See id.* at 1–2.  The Court also ordered the parties to submit a Joint Status Report proposing the next steps for proceeding with this litigation.  *See id.* at 2.  On August 1, 2024, the Court issued an Order dividing the consolidated cases and another related case into three groups for case management purposes as follows: (1) *Aurora et al.* (21-cv-2182),[2] (2) *Ohana*, and (3) all remaining consolidated cases under *AETC II*. *See* Order, *AETC II* ECF No. 61; *Ohana* ECF No. 25.  The Court also ordered the United States

---

[1] This opinion is based on the following filings: Compl., *Ohana* ECF No.1; Mot., *AETC II* ECF No. 82, *Ohana* ECF No. 30; Resp., *AETC II* ECF No. 83, *Ohana* ECF No. 31; Pl.'s Reply, *AETC II* ECF No. 84, *Ohana* ECF No. 32 ("Reply").  Throughout, page citations to documents in the record refer to the document's original pagination, unless the page is designated with an asterisk (e.g., *1), in which case the reference is to the pagination assigned by PACER/ECF.

[2] *Aurora et al.* is a separate but related case involving MHPI contracts that is proceeding independently and in parallel to *AETC II*.

to file an Answer in each of the consolidated cases and ordered the parties to submit proposed discovery schedules. *Id.* at 1–2.

The Court adopted the *Ohana* parties' proposed deadline for the conclusion of fact discovery concerning liability issues. *See Ohana* J. Status R., ECF No. 27; *Ohana* Order, ECF No. 28. A discovery dispute subsequently arose, and Plaintiffs filed the present Motion requesting that the Court compel the United States' response to specific, disputed RFAs. *See* Mot. The Motion is fully briefed, and the Court held a hearing to discuss the parties' respective positions. *See* Resp.; Reply; Minute Entry (Mar. 5, 2025).

## LEGAL STANDARDS

### A.  Standard of Review for Discovery Disputes

The Court "has wide discretion in setting the limits of discovery." *Schism v. United States*, 316 F.3d 1259, 1300 (Fed. Cir. 2002) (quoting *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991)); *accord White Mountain Apache Tribe of Ariz. v. United States*, 4 Cl. Ct. 575, 583 (1984) ("It is axiomatic that a trial court has broad discretion to fashion discovery orders . . . ."). "Although discovery rules are to be accorded a broad and liberal treatment, the court must, in deciding either to compel or quash discovery, balance potentially conflicting goals." *Lakeland Partners, L.L.C. v. United States*, 88 Fed. Cl. 124, 130 (2009) (cleaned up). Courts exercise an "extraordinarily broad range of discretion" when determining the appropriateness of Rule 36 requests, and even "on virtually identical facts, two decision makers can arrive at opposite conclusions, both of which constitute appropriate exercises of discretion." *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 355 (N.D. Ill. 2008) (collecting cases).

### B.  Requests for Admission (Rule 36)

Rule 36 of the Rules of the United States Court of Federal Claims ("RCFC") permits litigants to request a party "to admit . . . the truth of any matters within the scope of Rule 26(b)(1)." RCFC 36(a)(1) (referring to the rule limiting the scope of discovery). The substance of requests for admission must relate to "facts, the application of law to fact, or opinions about either." *Id.* The Rule's purpose is ultimately "to reduce trial time." Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment ("1970 amendment note").[3] Specifically, RFAs may "facilitate proof with respect to issues that cannot be eliminated from the case" and, alternatively, may "narrow the issues by eliminating those that can be." *Id.*

A party must answer an RFA with an admission, denial, or a statement as to "why the answering party cannot truthfully admit or deny" the request. RCFC 36(a)(4). After a reasonable inquiry, a party may state that it lacks "knowledge or information" that would enable

---

[3] RCFC 36 mirrors Rule 36 of the Federal Rules of Civil Procedure. *See* RCFC 36 Rules Committee Notes, 2002 Revision. "[I]nterpretation of the court's rules will be guided by case law and the Advisory Committee Notes that accompany the Federal Rules of Civil Procedure." RCFC 2002 Rules Committee Note.

it to answer the request.  *Id.*  The responding party may also object to answering an RFA but must then state its grounds for objection.  RCFC 36(a)(5).  Although Rule 36 itself does not enumerate specific grounds for objection, any objection is "subject to the general [discovery] provisions of Rule 26."  1970 amendment note.  Similarly, Rule 36 does not allow a party to object "solely on the ground that the request presents a genuine issue for trial."  RCFC 36(a)(5).  Rather, "[t]he proper response in such cases is an answer."  1970 amendment note.  Finally, Rule 36 contains its own enforcement mechanism independent from Rule 37's motion to compel.  Under that enforcement mechanism, the party requesting admission "may move to determine the sufficiency of an answer or objection," and if the court does not find an objection justified, "it must order that an answer be served."  RCFC 36(a)(6).

## DISCUSSION

Plaintiffs seek an order compelling the United States to respond to 16 RFAs originally served by Plaintiffs on September 5, 2024.  *See* Mot. at 1.  The United States initially objected to those RFAs and refused to admit or deny, contending that no further response is required.  The United States' objections generally fall into three categories: (1) that certain RFAs "inappropriately request[] an interpretation of contract terms, which is a legal conclusion,"[4] Mot. at 12–13; (2) that certain RFAs "seek admissions regarding the meaning of a statute" and are therefore impermissible under Rule 36,[5] Resp. at 10; and (3) that certain RFAs target the ultimate issue of the case,[6] *see* Mot. at 20.  The Court rejects those objections, for the reasons set forth below.

### I.    RFAs 10, 21–24, 36, 37, 40, 42, and 45, Which Seek Admissions Regarding Contractual Terms and Obligations, Comply with Rule 36.

Plaintiffs' RFA numbers 10, 21–24, 36, 37, 40, 42, and 45 ask the United States to admit or deny statements pertaining to terms of the parties' contracts.  These RFAs request the following:

No. 10: Admit that Plaintiffs were not permitted to charge servicemembers renting units at the Project any out-of-pocket costs above their BAH allotment.

No. 21: Admit that in the LLC Operating Agreement's definition of "BAH," which reads "'BAH' means the Basic Allowance for Housing for military personnel announced from time to time by the United States Department of Defense or, if 'BAH' is no longer applicable, the successor to BAH," the capitalized term "Basic Allowance for Housing" means the entitlement of a servicemember as described in 37 U.S. Code § 403.

---

[4]  The United States raises this objection to RFA numbers 10, 21–24, 36, 37, 40, 42, and 45.

[5]  The United States raises this objection to RFA numbers 26–29, 34, and 35.

[6]  The United States raises this objection to RFA numbers 22–24, 29, 34–37, 42, and 45.

No. 22: Admit that under the LLC Operating Agreement, the Government had a duty to set BAH.

No. 23: Admit that under the LLC Operating Agreement, the Government had a duty to set BAH consistent with the definition of "BAH" in the LLC Operating Agreement.

No. 24: Admit that the parties' agreement under the LLC Operating Agreement and Ground Lease anticipated that DoD would issue BAH to servicemembers for use in paying rent at the Project or on behalf for servicemembers for their rent for the Project.

No. 36: Admit that under the LLC Operating Agreement and Ground Lease, Plaintiffs have the right to charge renting servicemembers rent in the amount of their annual BAH amount.

No. 37: Admit that under the LLC Operating Agreement and Ground Lease, Plaintiffs are limited in the amount that they can collect from renting servicemembers to the amount provided by DoD as BAH to either the servicemember directly or to the Plaintiffs on behalf of the servicemember.

No. 40: Admit that the Government's action in reducing the BAH amount after the implementation of the NDAAs of 2015 and 2016 prevented Plaintiffs from collecting the full amount of rent that they are entitled to charge under the LLC Operating Agreement and Ground Lease.

No. 42: Admit that under the LLC Operating Agreement, OMC has a duty to not charge any servicemember an amount that exceeds the BAH that you provide to or on behalf of the servicemember.

No. 45: Admit that you contend that the Government would not breach the LLC Operating Agreement if it arbitrarily lowered the BAH for every servicemember living in the Project to $1 per month, preventing Plaintiffs from collecting more than $1 per month from each servicemember tenant for her or his rent.

Mot. Ex. A, at 5, 9–10, 15–18, 20.

The parties dispute the propriety of using RFAs to request a party's position regarding the interpretation or meaning of a contract provision. Plaintiffs argue that the RFAs are consistent with Rule 36 because they "involve the application of the terms of the parties' contract" to "factual issues currently before this Court," and thus do not solicit "pure conclusions of law." Mot. at 13, 16 (quoting *Ransom v. United States*, 8 Cl. Ct. 646, 648 (1985)). The United States counters that it properly objected to the RFAs because they "request admissions as to interpretations or meaning of contracts, which are legal conclusions—not applications of law to fact." Resp. at 3 (emphasis omitted). The parties cite cases from this Court and other

jurisdictions to support their respective positions. *Compare Booth Oil Site Admin. Grp. v. Safety-Kleen Corp.*, 194 F.R.D. 76, 80 (W.D.N.Y. 2000) (concluding that an RFA requesting a "party's understanding of the meaning or intent of a document" is a statement of fact, as opposed to a pure legal conclusion), *and S.A. Healy Co./Lodigiani USA, Ltd. v. United States*, 37 Fed. Cl. 204, 205 (1997) ("Admissions of the contents or interpretation of a contract at most involve the application of law to facts."), *with Factory Mut. Ins. Co. v. Derby Indus., LLC*, No. 3:17CV-00198-JHM-RSE, 2018 WL 11411802, at *5 (W.D. Ky. Oct. 5, 2018) (concluding that RFAs seeking the opposing party's interpretation of a lease, a supplier agreement, and an insurance policy were improper requests for legal admissions under Rule 36), *and Gem Acquisitionco, LLC v. Sorenson Grp. Holdings, LLC*, No. C 09-01484 SI, 2010 WL 1340562, at *3 (N.D. Cal. Apr. 5, 2010) (finding improper RFAs asking opposing party to admit requesting party's "interpretation of a disputed provision of the parties' contract"), *and Nettles v. Edgar*, No. 1:22-CV-119, 2023 WL 11199763, at *2 (W.D. Mich. Feb. 13, 2023) (concluding that RFA seeking Defendant's "interpretation of the policy directive" was "not the proper basis for a request under Rule 36").

Rule 36 allows a party to serve requests to admit the truth of matters "relating to facts, the application of law to fact, or opinions about either." RCFC 36(a). "[A] request for admission is 'not objectionable even if [it] require[s] opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case." *Kan. City Power & Light Co. v. United States*, 132 Fed. Cl. 28, 34 (2017) (quoting *Ransom*, 8 Cl. Ct. at 648); *see also* Fed. R. Civ. P. 36, 1970 amendment note. However, pure questions of law unrelated to relevant facts fall outside the scope of the rule. *See Kan. City Power*, 132 Fed. Cl. at 34.

The United States posits that RFAs that require contractual interpretation always involve pure questions of law that are unrelated to the facts in a case, and that this premise logically follows from Federal Circuit precedent defining the appellate standard of review for a breach-of-contract claim. *See* Resp. at 3. To be sure, in that context, the Federal Circuit has noted that "[c]ontractual interpretation is a pure legal issue" that is reviewed de novo. *P.K. Mgmt. Grp., Inc. v. Sec'y of Hous. & Urb. Dev.*, 987 F.3d 1030, 1032 (Fed. Cir. 2021); *see also San Carlos Irr. & Drainage Dist. v. United States*, 877 F.2d 957, 959 (Fed. Cir. 1989) ("Whether a contract creates a duty is a legal question of contract interpretation . . . ."). Other circuits have similarly concluded that lower courts' interpretations of contract provisions present "pure" questions of law to which de novo review applies. *See, e.g., Trout v. Organizacion Mundial de Boxeo*, 965 F.3d 71, 75 (1st Cir. 2020); *GEICO Marine Ins. Co. v. Shackleford*, 945 F.3d 1135, 1139 (11th Cir. 2019).

When applying the summary judgment standard, courts have recognized that disputes regarding contractual interpretation do not always present pure legal questions. For example, in *Beta Systems, Inc. v. United States*, the Federal Circuit concluded that there were "questions of material fact underlying the issue of contract interpretation," that precluded summary judgment. 838 F.2d 1179, 1183 (Fed. Cir. 1988). Similarly, this Court has recognized that "interpretation of language, conduct, and parties' intent, *i.e.*, the question of what meaning should be given by a court to the words of the contract, may sometimes involve questions of material fact and not present a pure question of law." *Keeter Trading Co., Inc. v. United States*, 79 Fed. Cl. 243, 248

(2007); *see also PDR, Ind. v. United States*, 78 Fed. Cl. 201, 204 (2007); *Crown Laundry & Dry Cleaners, Inc. v. United States*, 29 Fed. Cl. 506, 515 (1993).

The Court has found no precedent addressing whether the appellate standard of review, or the more nuanced approach applied to summary judgment motions, should guide the Court's application of Rule 36 to RFAs involving contractual interpretation. Neither standard is directly on point. Given that the Federal Circuit acknowledged in *Beta Systems* that contractual interpretation may present questions of fact, the Court declines to adopt a bright-line rule that contractual interpretation always presents a pure question of law. Accordingly, the cases articulating the Federal Circuit's standard of review do not restrict the Court's interpretation of Rule 36.

Treating admissions or denials regarding the intent, scope, or meaning of a contract as "pure questions of law" that cannot be propounded through RFAs is also in tension with the scope and purpose of Rule 36. RCFC 36 is identical to Federal Rule of Civil Procedure 36. *See* RCFC 36, Rules Committee Notes. The Advisory Committee Notes to the 1970 amendment of Federal Rule of Civil Procedure 36 specify that Rule 36 "does not authorize requests for admissions of law *unrelated to the facts of the case*." 1970 amendment note (emphasis added). That language, paired with the rule's plain text, which authorizes requests to admit "the application of law to fact," clearly establish that Rule 36 allows requests for admissions of law related to the facts of the case. *See id.*; *Kan. City Power*, 132 Fed. Cl. at 34 (RFAs involving "opinions or conclusions of law" are within the scope of Rule 36 if they "relate to the facts of the case" (quoting *Ransom*, 8 Cl. Ct. at 648)); *Naxon Telesign Corp. v. GTE Info. Sys., Inc.*, 30 Fed. R. Serv. 2d 1286 at *1 (N.D. Ill. 1980) ("Naxon is clearly in error in objecting to Requests that call for 'opinions of fact or of the application of law to fact,' because the 1970 amendment to Fed. R. Civ. P. 36 specifically permits the eliciting of such opinions."). An RFA that "relates to the interpretation of a contract at issue in a case involves the application of law to the unique facts of that case and, therefore, would be permissible" under Rule 36.[7] *Sigmund v. Starwood Urb. Retail VI, LLC*, 236 F.R.D. 43, 46 (D.D.C. 2006) (interpreting the 1970 Amendment to Rule 36); *see also Booth Oil*, 194 F.R.D. at 80 ("[W]here the question of the meaning of the document is at issue in the case, a request directed to another party seeking an admission or denial of a document's meaning or intent by that party as stated in the request relates to a statement [of] fact, and is authorized by Rule 36."). Likewise, an RFA that poses questions concerning "the intent of the parties to a contract and what they understood the contract to mean is also an issue of fact"—not "purely a legal matter"—and thus permissible under Rule 36. *Disability Rts. Council v. Wash. Area Metro. Transit Auth.*, 234 F.R.D. 1, 3 (D.D.C. 2006).

---

[7] *Bausch & Lomb Inc. v. Alcon Laboratories, Inc.*, which the United States cites for the proposition that "[r]equests which seek admissions to interpretations of documents are improper," 173 F.R.D. 367, 377 (W.D.N.Y. 1995), relies on three cases decided prior to the 1970 amendment to Rule 36 and one case decided after the amendment that does not support the United States' assertions here. *See id.* (citing *Buff Corp. v. Marcelle*, 20 F.R.D. 139, 141 (E.D.N.Y. 1957); *Pittsburgh Hotels Ass'n, Inc. v. Urban Redevelopment Auth. of Pittsburgh*, 29 F.R.D. 512, 513 (W.D. Pa. 1962); *Anderson v. United Air Lines*, 49 F.R.D. 144, 149 (S.D.N.Y. 1969)); Resp. at 12–13. As such, the Court does not find *Bausch & Lomb* persuasive on this issue.

Applying this framework, RFAs 10, 21–24, 36, 37, 40, 42, 45 properly request an admission or denial that connects the facts and circumstances of this case to the contractual documents in dispute.  It is undisputed that the LLC Operating Agreement and Ground Lease are highly relevant to the issues being litigated.  To the extent that interpreting those documents requires a legal opinion or conclusion, it is a legal conclusion that "relate[s] to the facts of the case" and is permissible.  RCFC 36(a)(1).  Specifically, RFAs 10, 36, and 37 ask about permitted actions under those contracts; RFA 21 asks about terms defined by the contracts; and RFAs 22, 23, and 42 ask about duties under the contracts.  *See* Mot. Ex. A at 5, 9–10, 15–16, 18.  RFAs 24 and 40 request an answer regarding anticipated actions and Plaintiffs' entitlement under the contracts, respectively.  *See id.* at 10–11, 17; *Booth Oil*, 194 F.R.D. at 80; *Disability Rts. Council*, 234 F.R.D. at 3.  And finally, although RFA 45 posits a hypothetical scenario (if the BAH were reduced to $1 per month), that request is still "tethered to the facts of this case" and is thus a proper request for admission.  *See* Mot. Ex. A at 20–21; *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 281 F.R.D. 1, 11 (D.D.C. 2011) ("That a party is asked to make an assumption as a condition of its answer cannot possibly run afoul of the only requirements in the Rule.").  Therefore, the Court rejects the United States' objections to RFA numbers 10, 21–24, 36, 37, 40, 42, 45.

## II.     RFAs 26–29 and 34–35 Comply with Rule 36 Because They Seek Admissions Regarding the Application of Federal Statutes to the Facts of This Case.

Plaintiffs' RFA numbers 26–29, 34, and 35 request that the United States admit or deny statements pertaining to the BAH statute.  These RFAs state the following:

> No. 26: Admit that in in [sic] calculating BAH applicable to the Project after the NDAA of 2015, the Secretary was required to follow the BAH Statute.

> No. 27: Admit that in in [sic] calculating BAH applicable to the Project after the NDAA of 2015, the Secretary followed the BAH Statute and first calculated an amount that DoD considered the Basic Allowance for Housing, and then subtracted from that amount a percentage as permitted by the NDAA of 2015.

> No. 28: Admit that in in [sic] calculating BAH applicable to the Project after the NDAA of 2016, the Secretary was required to follow the BAH Statute.

> No. 29: Admit that in in [sic] calculating BAH applicable to the Project for each year following the NDAA of 2016, the Secretary followed the BAH Statute and first calculated an amount that DoD considered the Basic Allowance for Housing and then, subtracted from that amount a percentage as permitted by the NDAA of 2016.

> No. 34: Admit that since the inception of the Project, 37 U.S. Code § 403 has required that the Secretary prescribe the rates of the basic allowance for housing that are applicable for the area of the Project.

No. 35: Admit that in prescribing the basic allowance for housing since the inception of the Project, the Secretary has been required pursuant to 37 U.S. Code § 403 for the area of the Project to set the rates based on the costs of adequate housing for civilians with comparable income levels in the same area.

Mot. Ex. A at 11–13, 14–15.

The parties dispute whether these RFAs improperly seek admissions or denials regarding pure questions of law, or whether they address the application of law to fact. Plaintiffs contend that the RFAs request the application of law (the BAH statute) to fact (the Secretary's actions) and thus comply with Rule 36. *See id.*; Reply at 11–12. Specifically, Plaintiffs contend that the RFAs properly ask "what Defendant did in its attempts to follow the statute" while calculating BAH. Mot. at 20. The United States counters that these RFAs improperly "seek admissions regarding the meaning of a statute"—a pure legal conclusion—and consequently are improper. Resp. at 10.

As discussed above, Rule 36 does not authorize "requests for admissions of law *unrelated* to the facts of the case," 1970 amendment note (emphasis added), which courts have characterized as "pure" legal conclusions. *Kan. City Power*, 132 Fed. Cl. at 34. A party may propound RFAs that pose questions requiring "the application of law to fact, or opinions about either." RCFC 36(a)(1)(A). "The distinction between a request that permissibly seeks the admission of an issue requiring the application of the law to the facts of a case and a request that impermissibly seeks the admission of a pure issue of law is not easy to draw." *United States ex rel. Bibby v. Mortg. Invs. Corp.*, 323 F.R.D. 424, 428 (N.D. Ga. 2017). Indeed, the conflicting caselaw on this issue indicates that judges draw the line differently. For example, some courts have concluded that requests to admit whether a party's conduct complied with a statute or regulation seek legal conclusions related to the facts of the case—*i.e.* the application of law to fact—and thus comport with Rule 36. *See, e.g.*, *SEC v. Goldstone*, 300 F.R.D. 505, 528 (C.D. Cal. 2014) (compelling response to RFA seeking admission that certain transactions constitute "legal sales" under the SEC's definition of that term); *Breuder v. Bd. of Trs.*, 2021 WL 1165089, at *5 (N.D. Ill. Mar. 25, 2021) ("[T]he RFAs which call upon the Board to admit its understanding and opinion as to how the specified statutes would apply to the Foundation's funds are appropriate under Rule 36."). In contrast, other courts have found similar RFAs impermissible, concluding that such requests seek a pure legal conclusion. *See, e.g.*, *Disability Rts. Council*, 234 F.R.D. at 3 (finding it improper to ask the opposing party to admit that it had complied with disability regulations and whether qualified voters with a disability were entitled to vote by absentee ballot); *Shea v. Sieunarine*, No. 3:21-CV-00673 (JCH), 2022 WL 2305554, at **1, 4 (D. Conn. June 27, 2022) (finding RFA asking "Defendants to admit that they 'were subject to the requirements of 49 U.S.C. §§ *et seq.*'" improper because it required "Defendants to admit or deny that they were subject to particular federal and state regulations"); *E.E.O.C. v. Bloomberg L.P.*, No. 07 CIV 8383 LAP, 2010 WL 3260150, at *1 (S.D.N.Y. Aug. 4, 2010) (sustaining objections to plaintiff's requests for admission asking the defendant to admit or deny that its actions "complied with Title VII" (citing *Disability Rts. Council*, 234 F.R.D. at 2–3)).

"[T]he question of whether and how a particular statute applies to the given set of facts . . . is a quintessential application of law to fact." *Bibby*, 323 F.R.D. at 428. Consequently,

"RFAs seeking admission on whether a statutory or regulatory definition is satisfied under a case's factual circumstances are not requests for pure matters of law, but rather seek to apply the law to the facts of the case." *Fauteux v. Walmart, Inc.*, No. CV 20-00925-DSF (RAOx), 2022 WL 1716002, at *5 (C.D. Cal. Jan. 21, 2022) (cleaned up); *see also Breuder*, 2021 WL 1165089, at *4–5 (finding RFAs calling upon a party "to admit its understanding and opinion of how the specified statutes would apply" are permissible under Rule 36). The cases that conclude otherwise, some of which the United States has cited, are not persuasive and conflict with this Court's reading of Rule 36. *Cf. Sommerfield*, 251 F.R.D. at 355 (noting trial courts' broad discretion in discovery disputes, meaning that "two decision makers can arrive at opposite conclusions, both of which constitute appropriate exercises of discretion").

Applying this standard, the Court finds that RFAs 27 and 29 are permissible under Rule 36. Those RFAs do not pose an abstract legal question, but instead ask whether the Secretary "followed the BAH statute" by calculating BAH in a certain manner. Answering those requests requires the United States to draw a legal conclusion. But it is a legal conclusion closely tied to the facts of the case, and requires the application of law to fact, and thus permissible under Rule 36. The United States must answer those RFAs.

RFAs 26 and 28 are a closer call, but also satisfy Rule 36. Those requests seek admissions of whether "the Secretary was required to follow the BAH Statute" in calculating BAH applicable to the Project after the NDAA of 2015 and 2016. If these requests generically asked whether the NDAA binds the United States, that might present a legal question untethered to the facts disputed in this case. But both requests specifically reference BAH calculations for the Project, thereby establishing a link (albeit relatively thin) to the relevant facts. Thus, they comply with Rule 36 and must be answered.

RFAs 34 and 35 straddle the line that Rule 36 sets but are sufficiently related to the facts of the case to require a response. As the United States notes, RFAs 34 and 35 essentially ask whether "37 U.S. Code § 403 has required that the Secretary prescribe the rates of the basic allowance for housing," for the Project, Resp. at 14, and whether that statutory provision requires the Secretary "to set the rates based on the costs of adequate housing for civilians with comparable income levels in the same area" as the Project. *Id.* at 15. The United States suggests that the inclusion of the phrases "applicable for the area of the Project" in RFA 34 and "for the area of the Project" in RFA 35 is pretextual and designed to give the RFAs the appearance of being tied to the facts in this case. *Id.* at 14–15; *see also Disability Rts. Council*, 234 F.R.D. at 3 (deeming it improper to issue RFAs that "ratify legal conclusions that the requesting party has simply attached to operative facts"). But the Court must review the RFAs as drafted, not a version rephrased to bolster the opposing party's objections. Both RFAs reference the Project and rates at issue in this litigation and cannot fairly be construed as posing purely abstract legal questions. Therefore, these RFAs comply with Rule 36.

### III.    Rule 36 Does Not Support the United States' Objection to RFAs 22–24, 29, 34–37, 42, and 45 as Improper Requests for Admissions Regarding the "Ultimate Issue" in the Case.

The United States also objects to RFAs 22–24, 29, 34–37, 42, and 45, asserting that they improperly target the "ultimate legal issue in the case." *E.g.*, Mot. Ex. at 10 (quoting *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009)); Resp. at 12.  Plaintiffs counter that Rule 36 allows RFAs that ask a party to admit the "ultimate" or "dispositive" issue in a case.  *See* Mot. at 20–21.  Each side cites cases supporting its respective interpretation of Rule 36.[8]

Courts are divided on whether a party must answer an RFA that poses questions concerning the principal dispute at issue in a case.  *See* 1970 amendment note (collecting cases).  For example, the United States Court of Appeals for the Sixth Circuit has questioned the validity of RFAs that "target[] the ultimate legal issue in the case," *Petroff-Kline*, 557 F.3d at 293, and district courts in that circuit have concluded that such requests are outside the scope of Rule 36. *See, e.g.*, *Coburn v. L.J. Ross Assocs., Inc.*, No. 14-CV-11080, 2015 WL 1926398, *5 (E.D. Mich. Apr. 28, 2015).  But other courts have concluded that "a party can be requested to admit the ultimate issue in a manner that has a dispositive effect on the case."  *In re Rail Freight*, 281 F.R.D. at 11; *see also S.A. Healy Co.*, 37 Fed. Cl. at 205 ("Nor is a request objectionable merely because it relates to an ultimate fact or to an issue of fact that is dispositive of one aspect of the case." (cleaned up)).

The language of Rule 36 is plain: "A party must not object solely on the ground that the request presents a genuine issue for trial."  RCFC 36(a)(5).  As discussed above, Rule 36 also allows parties to request admissions of legal conclusion tied to the facts of the case. Accordingly, the fact that an RFA may seek admissions of the "ultimate issue" of the case is not a valid ground for refusing to respond.  As the Court has already rejected the United States' other objections to RFAs 22–24, 29, 34–37, 42, and 45, the United States must respond to those requests for admission.

---

[8] *Compare Williamson v. Corr. Med. Servs.*, No. CIV.06-379-SLR, 2009 WL 1364350, at *2 (D. Del. May 14, 2009) (holding RFAs "objectionable when they call for a conclusion of one of the ultimate issues in the case" based on pre-1970 caselaw that barred mixed question of law and fact), *and Sports v. Top Rank, Inc.*, No. 8:17CV11, 2017 WL 4863068, at *2 (D. Neb. Oct. 26, 2017) (noting that "[t]he primary question presented in this case involves the scope and duration of the Agreement and Release" and concluding that the RFAs improperly "seek an admission of the legal issues in dispute in this case"), *with West Bay Builders, Inc. v. United States*, 80 Fed. Cl. 700, 703 (2008) ("Rule 36 'allows litigants to request admissions as to a broad range of matters, including ultimate facts . . . .'" (quoting *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001))), *and Sigmund*, 236 F.R.D. at 46 ("Even if the meaning of a document or the intent of the parties as to a contractual provision is the issue ultimately to be decided, such questions do not raise a valid objection to a request to admit a party's understanding of a document's meaning or the intent of the parties . . . ." (quoting *Booth Oil*, 194 F.R.D. at 80)).

**CONCLUSION**

Accordingly, the Court hereby **GRANTS** Plaintiffs' Motion to Compel Responses to Requests for Admission (*AETC II* ECF No. 82, *Ohana* ECF No. 30).  The United States' objections to Plaintiffs' RFAs are overruled.  The Court **ORDERS** the United States to provide answers to RFAs 10, 21–24, 26–29, 34–37, 40, 42, and 45 by **June 5, 2025**.

**IT IS SO ORDERED.**

_____
ROBIN M. MERIWEATHER
Judge